USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/22/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
WILLARD WORKMAN, *individually and on* :
*behalf of all others similarly situated*, :
 :
                            Plaintiff, :
 :
              -v- :
 :
NAMASTE TECHNOLOGIES, INC.; SEAN :
DOLLINGER; PHILIP VAN DEN BERG; and :
KENNETH NGO, :
                          Defendants. :
 :
-------------------------------------------------------------- X

1:18-cv-10830-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

On December 5, 2018 and December 6, 2018, members of the putative class in this case filed motions to serve as lead plaintiffs and for approval of their respective choices of counsel (the "Motions"). *See* ECF Nos. 7, 10. The Court ordered that any oppositions to the Motions be filed no later than December 14, 2018, and that any replies be filed no later than December 21, 2018. ECF No. 14. On December 12, 2018, James Taylor withdrew his motion to appoint him to serve as lead plaintiff and stated his non-opposition to the motion of Janita Holgate, Linda M. Rich, and Minako Caddeo (the "Unopposed Motion"). ECF No. 15. With the withdrawal of Mr. Taylor's motion, the only remaining motion is the Unopposed Motion. No opposition to the Unopposed Motion has been filed, and the deadline for any such opposition has passed. As a result, and for the additional reasons stated below, the Unopposed Motion is GRANTED, Janita Holgate, Linda M. Rich (individually and on behalf of the Linda M Rich Trust UA Aug 29, 1997), and Minako Caddeo (together, "Holgate, Rich, and Caddeo") are appointed as Lead Plaintiffs, and Pomerantz LLP is appointed as Lead Counsel.

## II. LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") requires that a plaintiff who files a putative class action publish, in a widely circulated business oriented publication or wire service, a notice advising members of the purported class of "the pendency of the action, the claims asserted therein, and the purported class period"; and permits "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff[.]" 15 U.S.C. § 78u-4(a)(3)(A).

The notice published here met the standards set forth in the PSLRA. On October 6, 2018, the Rosen Law Firm, counsel for the plaintiff in *McCormick v. Namaste Technologies,* et al., 2:18-cv-8616 (C.D. Cal.) (the "California Action"),[1] caused a notice about the pendency of that action to be published in Business Wire. *See* Declaration of Jeremy A. Lieberman (ECF No. 12) ("Lieberman Decl."), Ex. A. The claims asserted in the California Action are substantially the same as those asserted here. The Court understands that the California Action was the first filed action raising those claims. *See* 15 U.S.C. § 78u-4(a)(3)(A)(ii). The publication in which the notice was published was also satisfactory. Business Wire "is a suitable vehicle for meeting the statutory requirement that notice be published." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004). No party has challenged the adequacy of the notice.

The 60-day period in which any member of the proposed class may apply for lead plaintiff status elapsed on December 6, 2018[2]; Holgate, Rich, and Caddeo's motion, which was filed on December 6, 2018, was timely. James Taylor's motion–the only other motion filed–was filed on

---

[1] The plaintiff filed a voluntary dismissal of *McCormick* on December 26, 2018. *See* 2:18-cv-8616 (C.D. Cal.) (Dkt. No. 25).

[2] 60 days from the date on which the notice was published, October 6, 2018, was December 5, 2018. However, as counsel for Holgate, Rich, and Caddeo correctly noted, because the court was closed in observance of a national day of mourning for former President George H.W. Bush, the deadline to move for appointment as Lead Plaintiff was December 6, 2018. *See* Fed. R. Civ. P. 6(a)(1).

December 5, 2018, and was also timely.  15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

    A. Lead Plaintiff

The PSLRA requires the Court to appoint as "lead plaintiff" the member of the class that the Court determines to be "most adequate plaintiff," *i.e.* the member the court determines to be "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The Court must "adopt a presumption that the most adequate plaintiff" "is the person or group of persons" that:

> (1) "has either filed the complaint or made a [timely] motion" to be appointed as lead plaintiff(s);
>
> (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and
>
> (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted "only" by proof that the presumptively adequate plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff.  *See Springer v. Code Rebel Corp.*, No. 16-CV-3492, 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) ("Although the . . . motion is unopposed, the Court must still ensure that it is the most adequate plaintiff under the PSLRA.").

Holgate, Rich, and Caddeo did not file the complaint, but made a timely motion to be appointed lead plaintiff.  With the exception of Mr. Taylor's motion, which has since been withdrawn, no other motions to be appointed as lead plaintiff have been submitted.  The Court therefore turns to the two remaining elements of the presumption as to Holgate, Rich, and Caddeo.

3

i.  *Largest Financial Interest*

In assessing the financial interests of parties competing for lead plaintiff status, a court will generally consider "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012). The fourth factor, the approximate losses suffered, is considered to be the most important. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008).

Under these criteria, Holgate, Rich, and Caddeo have the largest demonstrated financial interest. During the class period, they are alleged to have suffered $85,270 in losses, having purchased 82,500 shares total and expending a net amount of $199,652 on Namaste stock during the class period. Memorandum of Law in Support of Motion of Janita Holgate, Linda M. Rich, and Minako Caddeo for Appointment as Lead Plaintiffs and Approval of Lead Counsel (ECF No. 11), at 5.

The financial interest of Mr. Taylor, who submitted and later withdrew his application, does not compare to that of Holgate, Rich, and Caddeo. Mr. Taylor suffered, in contrast to Holgate, Rich, and Caddeo, $25,893.41 in losses. Memorandum of Law in Support of James Taylor's Motion for Appointment as Lead Plaintiff and Approval of Class Counsel (ECF No. 8), at 2.

ii.  *Rule 23*

The next step in identifying which plaintiff is entitled to the presumption is to "ensure that the person (or persons) with the largest financial interest 'otherwise satisfies the requirements of

Rule 23.'" *Maliarov v. Eros Int'l PLC*, No. 15-CV-8956, 2016 WL 1367246, at *5 (S.D.N.Y. Apr. 5, 2016) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)). In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a "preliminary showing" that two of Rule 23's requirements–typicality and adequacy–are satisfied. *See Ford v. Voxx Int'l Corp.*, 14-CV-4183, 2015 WL 4393798, at *3 (E.D.N.Y. July 16, 2015) (collecting cases); *see also Martingano v. Am. Int'l Grp., Inc.*, 06-CV-1625, 2006 WL 1912724, at *4 (E.D.N.Y. July 11, 2006) (quotations and citations omitted) ("[A]t this stage in the litigation, one need only make a preliminary showing that the Rule's typicality and adequacy requirements have been satisfied.").

Typicality is satisfied "where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability." *In re Symbol Techs., Inc. Secs. Litig.*, 2006 WL 1120619, at *3 (citing *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001)). There is no dispute that all of the putative class members' claims arise out of the same course of events—the various statements and omissions in press releases and conference calls—and that each will make similar legal arguments (under the various provisions of the Exchange Act and Rule 10b-5 thereunder). Holgate, Rich, and Caddeo's claims would therefore, necessarily, be typical of those of all of the other class members.

The adequacy requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *In re Symbol Techs., Inc. Secs. Litig.*, 2006 WL 1120619, at *3 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *see also In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)).

Nothing before the Court suggests that Holgate, Rich, and Caddeo's interests are antagonistic to the interests of the other class members. Nor is there any indication that this case is

5

anything other than a fairly common class action based on alleged violations of the Exchange Act where class members are relying on the same statements or omissions as the factual basis of their claims, and where the financial losses are tied to the drop in value that occurred after a specific statement or omission took place. *See, e.g.*, *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 121 (E.D.N.Y. 2012) (concluding that the adequacy requirement was satisfied where plaintiff's claims, like other members of the proposed class, arose from their reliance on allegedly false and misleading statements in purchasing defendant's shares during the class period and where there was nothing to suggest that plaintiff's claims were markedly different from other class members). Holgate, Rich, and Caddeo's choice of counsel, Pomerantz LLP, is qualified, experienced, and generally able to conduct the litigation, as discussed in further detail below. Finally, as noted above, Holgate, Rich, and Caddeo have suffered alleged losses greater than $85,000 and thus have a sufficient financial interest in the case's outcome to suggest that they will pursue the case with vigor.

B. Lead Counsel

Under the PSLRA, "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Sequans*, 289 F. Supp. 3d at 426. "There is a 'strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection.'" *Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) (quoting *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015)). Holgate, Rich, and Caddeo are represented by Pomerantz LLP. Pomerantz is experienced in securities class action litigation, *see* Lieberman Decl., Ex. D (Resume of Pomerantz LLP), and has been appointed by judges in this District to serve as lead counsel in other matters, *see, e.g.*, *Kukkadapu v. Embraer S.A.*, No. 16 CIV. 6277 (RMB), 2016 WL 6820734, at *3 (S.D.N.Y. Oct. 20, 2016); *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16CV03495ATBCM, 2016 WL 5867497, at *6 (S.D.N.Y. Oct. 4, 2016); *Stitt v. On Deck Capital*, Inc., 2016 WL 889535, at *3 (S.D.N.Y. Feb. 17,

2016); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015).  On this record, the Court sees no reason not to adhere to Holgate, Rich, and Caddeo's choice:  Pomerantz LLP is appointed Lead Class Counsel.

### III. CONCLUSION

For the reasons just stated, the Unopposed Motion is GRANTED.  Holgate, Rich, and Caddeo are appointed as Lead Plaintiffs, and Pomerantz LLP is appointed as Lead Counsel.

The Clerk of Court is directed to close the motions pending at ECF Nos. 7 and 10.

SO ORDERED.

Dated: January 18, 2019
New York, New York

                                                GREGORY B. WOODS
                                          United States District Judge